UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Brooklyn Division

FERNANDO HERNANDEZ DIAZ,
    Defendant/Plaintiff,

-vs-

United States Of America; Department
of Homeland Security; Bureau of Immi-
gration Custom Enforcement; Drug Enfor-
cement Agency,
    Plaintiff/Defendant.

_____/

CASE NO. 99-CR-1023
(Civil case unknown, if any)

05-5994
BROOKLYN OFFICE
ROSS, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 23 2005 ★
BROOKLYN OFFICE

MOTION/CIVIL ACTION REQUESTING RETURN OF A PORTION
OF PROPERTY SEIZED AND/OR EQUITABLE RELIEF, OR A MOT
ION FOR RELIEF FROM JUDGEMENT ON ORDER OF FORTEITURE

Defendant/Plaintiff Fernando Hernandez Diaz (hereinafter Hernandez) in proper person and pursuant to FRCP 41(g) and/or 28 USC § 1331 or FRCiv.P, 60(b), hereby requests return of a portion of property seized[1], $91,743.00 In US currency, and/or requests equitable relief due to procedurally deficient forteiture proceedings on the seized US currency, if any, under the Due Process Clause[2] and/or assuming the US currency was forteiture by the government, moves for relief from judgement on the basis of [no] notice given/received on forteiture proceedings against the seized US. curency.[3]

In support thereof, Hernandez states;

Statement of the Case

1. On Oct. 25, 1999, Hernandez was detained by US Custom Agents at JFK Airport before boarding a flight to Columbia via Aerolineas Servivensa. At that time, the agents seized/confiscated §91,743.00 In US

---

[1] Adeleke v. US, 351 F.3d 144 (2nd Cir. 2004).

[2] Polanco v. DEA, 158 F.3d 647 (2nd Cir. 1998); Amadi v. US, 282 FS 2nd 1 (N.D. N.Y. 2003)

[3] US v. Aponte-Veja, 230 F.3d 522 (2nd Cir. 2000).

It is Requested that the government respond to this application by January 20, 2006.

cc: AUSA Wenner
    Mr Diaz

currency from Hernandez possession. The seized US currency was counted and loged in Hernandez'z presence and Hernandez given a receipt.

2. On the same date, Oct. 25, 1999, Hernandez was arrested and trasfer to MDCC Brooklyn and later indicted for violating 31 USC §5332 in conceding/not reporting more than $10,000.00 in currency. Hernandez was never given bond.

3. On Jan. 25, 2000, after pleading guilty, Hernandez was sentence to time served and given a $5,000.00 fine that the court order to be paided from the seizied US currency.

Hernandez was never given any notice on the initiation of forteiture proceedings of the seized currency by either the government or his attorney, nor was he advised on his right to contest forteiture.

4. A few days later, Hernandez was released and removed from the United States by immigration officials.

5. Hernandez is presently serving a federal sentence on a unrelated offense.

6. On or around Nov. 2005, Hernandez requested assistance from another prisoner and asked if he had the right to request return of the seized US currency of Oct. 1999.

The prisoner advised Hernandez on US v. 291,316.00, 349 FS2nd 638 (E.D. N.Y. 2004).

This motion/civil action now follows:

[RELIEF]

7. Hernandez hereby moves the court that he should be given an opportunity to request part of the seized US currency under the rationale of US v. 291,316.00[4] or any other relevant case law authority.

---

[4] The case establishes information on seizure of currency from 9/99 to 3/04, however, Hernandez'z incident of Oct. 1999 is not recorded.

-2-

Since it is not known if forteiture proceedings was ever initiated against the seized currency and since its also clear that Hernandez was never given notice of any such proceedings by either the governmen[5] or his attorney[6], this Court should reopen legal proceedings against the seized currency either under FRCP 41(g), if no forteiture was ever initiated, or under the Due Process Clause since Hernandez was never given notice, or under FRCiv.P 60(b), if forteiture proceedings was initiated and judgement was entered.

At very least, equitable relief should be given.

### Conclusion

8. Wherefore, Herenandez respectfully requests that this motion/civil action be entertained thus granting [equitable] relief at the very least, given him an opportunity to request a portion of the seized §91,743.00 In US currency under this Court's own rationale as articulated in 349 FS2nd 638.

Respectfully submitted,

FERNANDO HERNANDEZ DIAZ
# 57860-053
FCC-Coleman Low Unit
PO BOX 1031   A/4
Coleman, Fl. 33521-1031

I hereby certify that a correct copy of the foregoing motion/civil action was furnished this 12th day of Dec. 2005 to the AUSA of the Eastern District of New York.

---

[5] 19 USC §1608

[6] US v. 138,000.00, 240 FS2nd 220 (E.D.N.Y 2003).