FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 29 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
FERNANDO HERNANDEZ DIAZ,

                        Plaintiff,

-against-

UNITED STATES OF AMERICA,

                        Defendant.
----------------------------------------------------------------- X

05 CV 5994 (ARR)

<u>NOT FOR ELECTRONIC OR PRINT PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

<u>Pro se</u> petitioner, Fernando Hernandez Diaz ("plaintiff"), commenced the instant action by filing a motion for (1) return of seized property, to wit, $91,743.00 in U.S. currency; (2) "equitable relief due to procedurally deficient forfeiture proceedings" in violation of Due Process; and (3) relief from judgment on the basis of inadequate notice in the forfeiture proceedings. (Compl. 1.) Plaintiff alleges that neither the government nor his criminal defense attorney gave him notice of any forfeiture proceedings. (Compl. 3.)

The government moves to dismiss the complaint or, in the alternative, for summary judgment. Because the court refers to materials outside the pleadings, the court construes the motion as one for summary judgment.[1] For the reasons given below, the motion for summary

---

[1] Plaintiff received proper notice pursuant to Local Rule 56.2. Plaintiff has failed to submit a statement of material facts in opposition to the government's Rule 56.1 statement, as required by Local Rule 56.1. The government asks the court to deem admitted all statements of facts in its Rule 56.1 statement. (Def. Reply Mem. 1-2.) Given plaintiff's <u>pro se</u> status, the court will deem the facts in the government's Rule 56.1 statement to be admitted unless the court's own review of the record indicates there are disputed material facts. <u>See, e.g.</u>, Pierre-Antoine v. City of New York, No. 04 Civ. 6987, 2006 WL 1292076, at *3 (S.D.N.Y. May 09, 2006).

1

judgment is granted and plaintiff's complaint is dismissed.

## BACKGROUND

On October 25, 1999, plaintiff was arrested by agents of the United States Customs Service at John F. Kennedy International Airport before he boarded a flight to Colombia. Customs seized a total of $91,743.00 in U.S. currency from plaintiff's person and luggage. Plaintiff was arrested for violating 31 U.S.C. § 5316(a)(1)(A), which requires a person knowingly transporting from a place in the United States to a place outside the United States monetary instruments of more than $10,000 at one time to file a report. See 31 U.S.C. § 5322 (subjecting to criminal penalties anyone who willfully violates § 5316). On November 3, 1999, a federal grand jury indicted plaintiff and on November 30, 1999, plaintiff entered a plea of guilty. See Docket for United States v. Diaz, No. 99 Crim. 1023, ## 4, 7. Plaintiff was sentenced on January 24, 2000, to time served and a $5,000 fine payable from the funds seized, with the sentence stayed to permit the Immigration and Naturalization Service to take custody of him. Plaintiff was "removed from the United States by immigration officials" soon thereafter. (Compl. 2.)

On November 2, 1999, Customs sent written notice of seizure and forfeiture to plaintiff's last known residence in Bogota, Colombia. (See Decl. of Acting Director of Office of Fines, Penalties and Forfeitures of Dept. of Homeland Security, Bureau of Customs and Border Protection at J.F.K. Int'l Airport, Scott Nielsen, sworn to on May 9, 2006 ("Nielsen Decl.") Ex. C.) And on November 4 and November 18, 1999, Customs sent written notices to plaintiff at MCC New York and MDC Brooklyn respectively. (Nielsen Decl. Ex. C.) These notices

informed plaintiff that under 31 U.S.C. § 5321(c),[2] he had 30 days from the date of the letter to petition for relief from forfeiture by submitting "documentary evidence of the source and intended use of the seized monetary instruments" and all facts warranting relief. (Nielsen Decl. Ex. C.)

On December 17, 1999, plaintiff's criminal defense attorney in the underlying prosecution, Salvador Cheda, submitted to Customs a petition for relief from forfeiture signed by plaintiff. (Nielsen Decl. Ex. D.) In the petition, plaintiff stated that he had purchased, partially on credit, 37 "Rocks of Emeralds" from mines in Colombia, polished and cut the rocks so that they became worth more than twice their purchase price, and sold them "in the United States to a Japanese man named Kim whom I had met in Colombia." (Nielsen Decl. Ex. D.)

On March 30, 2000, Customs sent Cheda its decision in response to the petition for relief from forfeiture. (Nielsen Decl. Ex. H.) Customs decided to deny plaintiff's petition based on its failure "to show sufficient proof of legitimate source of the seized funds." Customs told Cheda he had 30 days to submit further documentation regarding the purported sale of emeralds and stated that "[f]ailure to timely respond will result in the commencement of administrative forfeiture proceedings."

On June 5, 12, and 19, 2000, Customs ran a notice of the seizure in the New York Post. (Nielsen Decl. ¶ 13, Ex. I.) The court notes, however, that the notice published in the Post erroneously stated that the seizure of the $91,743.00 occurred on May 15, 1998, instead of the correct date, October 25, 1999. (See Seizure No. 00-4701-000130, Nielsen Decl. Ex. I.)

---

[2] Section 5321(c) provided: "The Secretary [of the Treasury] may remit any part of a forfeiture under subsection (c) or (d) of section 5317 of this title . . . ."

3

According to Nielsen, Customs "sent a notice of Final Administrative Action to [p]laintiff and his attorneys, 'Cheda and Sheehan'," informing them that forfeiture would become final on June 25, 2000. (Nielsen Decl. ¶ 14, Ex. J.) The submitted copy of this final notice contains neither a date of mailing nor a named addressee, but merely says "cc: Cheda & Sheehan" at the bottom. Resolving all ambiguities in favor of the plaintiff, the court assumes that Nielsen means that Customs sent final notice to plaintiff's attorney, Cheda, but not to plaintiff himself in Colombia as well.

On June 26, 2000, having received no response, Customs administratively forfeited the seized currency and on July 27, 2000, pursuant to an asset sharing agreement, Customs transferred 50% of the currency to the Queens County District Attorney's Office. (Nielsen Decl. Exs. B, K.)

## Sovereign Immunity

The Government argues that sovereign immunity bars plaintiff's claim for relief because the seized currency has been forfeited and hence is no longer available. (Def. Mem. 17-19.) In Adeleke v. United States, the Second Circuit held that sovereign immunity bars awards for monetary damages "when, for whatever reason, property is not available for Rule 41(g) return." 355 F.3d 144, 151 (2d Cir. 2004). Although Adeleke's motion included a claim for the return of $1,000 in cash, that part of his claim was rendered moot by the government's voluntary return of the seized currency. 355 F.3d at 148. Thus, the Adeleke Court did not address the applicability of sovereign immunity to claims for the return of the monetary equivalent of seized currency, that is, whether claims for the return of seized currency constitute claims for monetary damages barred by sovereign immunity or equitable relief.

4

Recently, the Second Circuit, in an unpublished summary order, vacated a decision of the Eastern District of New York that had applied Adeleke to bar relief where seized currency had been administratively forfeited. See Elfand v. United States, No. 05 Civ. 071, 161 Fed. Appx. 150, 2006 WL 13068, at *1-*2 (2d Cir. 2006). In its summary order, the Circuit held that the district court had erred by assuming without providing supporting case law "that depositing or transferring money to another arm of the government renders it 'unavailable'" such that sovereign immunity bars relief. Id.

It is therefore an open question in this Circuit whether the rule that sovereign immunity bars relief under Rule 41(g) where seized property is no longer available applies to the seizure and subsequent unavailability of fungible currency. It is also the subject of disagreement among the Circuits. Compare Clymore v. United States, 415 F.3d 1113, 1118-20 (10th Cir. 2005) (holding that sovereign immunity bars recovery in a case involving seized currency that has been administratively forfeited) with United States v. Minor, 228 F.3d 352, 355 (4th Cir. 2000) ("Even though Minor seeks return of currency, we can see no persuasive reason to treat his motion differently than an action in equity for the return of a tangible item of personal property. . . . Here, the fact that the government obviously cannot restore to Minor the specific currency that was seized does not transform the motion into an action at law.").

Therefore, although the court has serious doubt as to its jurisdiction to entertain the claim, the court will assume arguendo that sovereign immunity poses no bar.

## Adequate Notice of Administrative Forfeiture

Nevertheless, plaintiff's claim must be dismissed because the government provided due process in the administrative forfeiture of the seized currency.

Federal courts lack jurisdiction to review the merits of administrative forfeiture decisions. However, federal courts have jurisdiction to determine whether the government provided legally adequate notice of forfeiture. Weng v. United States, 137 F.3d 709, 713 (2d Cir. 1998), abrogated on other grounds by Dusenberry v. United States, 534 U.S. 161 (2002).

The standard for adequate notice under the Due Process Clause derives from Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). See Dusenberry, 534 U.S. at 167. The Due Process Clause requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. When notice is a person's due the means employed must be such as one desirous of actually informing the absentee might reasonably adopt." Weng, 137 F.3d at 713 (quoting Mullane, 339 U.S. at 314-15). However, "the Due Process Clause does not require . . . heroic efforts by the Government" nor does it require that petitioner actually receive notice. Dusenberry, 534 U.S. at 170-71. Thus, plaintiff's submission that neither the government nor Cheda actually informed him of the administrative forfeiture proceeding, (see Pl. Decl.), is not determinative.

Under 31 U.S.C. § 5317(c), a monetary instrument with respect to which a required § 5316 report is not filed "may be seized and forfeited to the United States Government." After seizure of property worth $500,000 or less, an administrative forfeiture process may be commenced by publishing notice of seizure and intention to forfeit and dispose of the property "for at least three successive weeks" "in a newspaper of general circulation in the judicial district in which the processing for forfeiture is brought." 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75. In addition, "[w]ritten notice of seizure together with information on the applicable procedures shall

be sent to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a). If no claim of interest is filed within 20 days of the first publication of the notice of seizure, the monetary instrument is declared forfeited and becomes property of the United States. 19 U.S.C. §§ 1608, 1609.

The government's published notice arguably failed to satisfy due process because the date of seizure was inaccurately stated. Nevertheless, the Second Circuit "has held that where a claimant demonstrated actual knowledge of the seizure of property in an administrative forfeiture proceeding the government's failure to provide published notice as required by applicable regulations did not amount to a violation of due process." In re Medaglia, 52 F.3d 451, 455 (2d Cir. 1995).

In this case, the Government's mailing to Cheda was reasonably calculated to apprise plaintiff of the pendency of the administrative forfeiture proceeding and to afford him an opportunity to present his objections. The Second Circuit has held that notice sent to the attorney representing the defendant "in his then-pending related criminal proceeding" satisfies due process. Bye v. United States, 105 F.3d 856, 857 (2d Cir. 1997) (per curiam); see also Weng v. United States, 137 F.3d 709, 714 n. 5 (2d Cir.1998) ("[D]ue process is also satisfied, in appropriate circumstances, by giving notice to a property owner's attorney." (citing Bye)).

As described above, Cheda not only served as plaintiff's criminal defense attorney in the underlying prosecution, but Cheda prepared and submitted plaintiff's petition for relief from forfeiture. (See Nielsen Decl. Ex. D.) Thus, although plaintiff's criminal case was no longer pending in March 2000 when Customs sent Cheda its response to the petition for relief nor in June 2000 when Customs sent Cheda final notice, a mailing to the attorney who had represented

7

plaintiff in the underlying criminal proceeding and also in his initial efforts to seek relief from forfeiture constitutes notice reasonably calculated to apprise plaintiff. See Jennings v. Marrero, No. 01 Civ. 077, 2005 WL 1528759, at *4 (N.D.N.Y. June 28, 2005) (noting that "it was certainly reasonable for the FBI to entrust" an attorney who represented plaintiff on a separate criminal proceeding "with a notification letter for her former or current client"); United States v. Hewett, No. 02 Cr. 150, 2003 WL 21355217, at *3 (S.D.N.Y. June 10, 2003) (holding that Due Process was satisfied where government's administrative forfeiture notices sent to Hewett's home and the MCC were returned to sender but notice was received by Hewett's attorney and government published notice in newspaper).

The Government has satisfied its burden on summary judgment by demonstrating that it provided plaintiff with proper notice of the forfeiture as required by Mullane. The record demonstrates that the notice of forfeiture was reasonably calculated, under all the circumstances, to apprise plaintiff of the administrative forfeiture action. There is no indication in the record that at the time final notice was sent Cheda was no longer representing plaintiff in his attempts to seek relief from forfeiture nor any indication that plaintiff had alerted Customs or anyone of any termination of representation. Plaintiff may not rest upon allegations in his complaint or conclusory assertions to create a genuine issue of material fact, but must set forth admissible evidence showing the existence of a genuine issue for trial under Fed. R. Civ. P. 56. Plaintiff has failed to do so. Plaintiff's other arguments that the notice of the administrative forfeiture proceeding was inadequate, for example, because Due Process required publication in a newspaper of general circulation in Colombia, are without merit.

**CONCLUSION**

For the reasons given above, defendant's motion for summary judgment should be granted and plaintiff's complaint should be dismissed with prejudice. The Clerk of Court is instructed to enter judgment accordingly.

/s/ Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: September 2006
Brooklyn, New York

SERVICE LIST

**Plaintiff**
Fernando Hernandez Diaz
57860-053
FCC Coleman Low Unit
P.O. Box 1031 A/4
Coleman, FL 33521-1031

**Defendant's Attorney**
Keisha-Ann Gray
United States Attorneys Office
One Pierrepont Plaza
Brooklyn, NY 11201